UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Nos. 1:05-cv-175/1:03-cr-006 |
| | ) | *Edgar* |
| JEFFREY D. GARNER | ) | |

## **MEMORANDUM**

Defendant Jeffery D. Garner ("Garner") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court File No. 1] . Garner pleaded guilty to one count of felon in possession of a firearm in violation of 21 U.S.C. § § 922 (g) and one count of possessing materials used for manufacturing methamphetamine in violation of U.S.C. § 843(a)(6) and (d)(2). Garner contends he was denied due process of law when he was sentenced because the sentencing judge was under the erroneous belief that the sentencing guidelines were mandatory.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Garner was sentenced to a term of imprisonment for 151 months on July 29, 2003, upon a plea of guilty to one count of felon in possession of a firearm and once count of possessing materials used for manufacturing methamphetamine. Garner's judgment was entered on August 8, 2003. Garner did not pursue a direct appeal. Garner's judgment was entered on August 8, 2003, and he had ten (10) days, until August 22, 2003, to file a notice of appeal.[1] When a § 2255 movant does not pursue a

---

[1] Rule 26 of the FEDERAL RULES OF APPELLATE PROCEDURE provides that when computing any period of time less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays are to be excluded unless the period is stated in calendar days.

direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Therefore, the one-year statute of limitations began to run on August 22, 2003. Consequently, Garner's motion is untimely.

Garner had one year from the time his judgment of conviction became final to file his § 2255 motion. August 22, 2003, was the date Garner's right to file an appeal expired. Thus, Garner was required to file his § 2255 motion by August 22, 2004. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) FED. R. APP. PROC. The motion reveals Garner signed the petition on July 5, 2005, and the motion was received in the Clerk's office on July 7, 2005. Therefore, the Court treats the motion as being filed on July 5, 2005; however, this date is well after August 22, 2004, the expiration of the one-year statute of limitation for filing his § 2255 motion. Therefore, Garner's motion is treated as filed on July 5, 2005. Consequently, Garner's § 2255 motion is time-barred by the statute of limitations and will be **DISMISSED** [Court File No. 1].

An appropriate judgment will enter.

                                                    */s/ R. Allan Edgar*
                                                    R. ALLAN EDGAR
                                  CHIEF UNITED STATES DISTRICT JUDGE